IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-CR-0011-001-CVE |
| ) | |
| PATRICK THOMAS, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is defendant's motion requesting issuance of a writ to resolve or to dismiss the Order on Probation (Dkt. # 24). On August 2, 2004, defendant was sentenced to a five-year probation term following his plea of guilty to the offense of false claims against the United States - tax returns, and causing a criminal act, in violation of 18 U.S.C. §§ 287 and 2(b). On April 23, 2009, an Order on Probation was filed alleging defendant violated his terms of probation by commission of a new law violation (Dkt. # 19). Defendant is currently incarcerated in the Oklahoma Department of Corrections, Jim E. Hamilton Correctional Center, Hodgen, Oklahoma, having been convicted in Tulsa County case CF-2008-4225, the subject of the instant revocation allegation. As is normal under such circumstances, a detainer was lodged with the State of Oklahoma concerning the Order on Probation. Defendant moves for dismissal of the Order on Probation and return of the warrant and release of the detainer, or in the alternative, the immediate issuance of a writ of habeas corpus ad prosequendum.[1] Defendant argues Sixth Amendment violations require dismissal of the Order on Probation. He further alleges the lodging of a detainer and unnecessary delay in resolution of this matter deprives him of certain institutional privileges.

---

[1] Defendant erroneously requests issuance of a writ of habeas corpus ad testificandum.

Defendant was convicted in Tulsa County case CF-2008-4225 on March 16, 2009, and received by the Oklahoma Department of Corrections on April 7, 2009, to begin service of an eighteen-month sentence. The Order on Probation was filed on April 23, 2009. On April 30, 2009, the United States petitioned for a writ of habeas corpus ad prosequendum to bring defendant before the Court for initial appearance and revocation hearing (Dkt. # 21). On April 30, 2009, just seven days following the filing of the probation allegation, this Court granted Plaintiff's petition and issued a writ commanding defendant's delivery forthwith for adjudication of this matter (Dkt. # 23). In Moody v. Doggett, 429 U.S. 78 (1976), the Supreme Court ruled that a reasonably prompt hearing is required for parole revocation proceedings, but firmly established that, as a constitutional matter, that the right does not accrue when the offender is in custody of another charge and the government is not required to execute on a warrant and commence the revocation hearing while the offender is in custody. In Carchman v. Nash, 473 U.S. 716 (1985), the Supreme Court ruled the same principles embodied in Doggett apply to probation cases. In United States v. Fernandez, 139 F.3d 913 (10th Cir. 1998), the Circuit held that the hearing requirements and time limitations of Fed. R. Crim. P. 32.1 are triggered only when the defendant is taken into custody on the warrant alleging violation, not by the mere issuance of a warrant for arrest or detainer.

There is no Sixth Amendment violation. Defendant's rights under Rule 32.1 have been and will be preserved. Further, plaintiff and this Court have acted promptly and expeditiously to resolve this matter without unreasonable delay. Because a writ of habeas corpus ad prosequendum has been issued, defendant's request for issuance of a writ of appearance is moot.

**IT IS THEREFORE ORDERED** that defendant's motion requesting issuance of a writ to resolve or to dismiss the Order on Probation (Dkt. # 24) is **denied**.

**IT IS SO ORDERED** this 12th day of June, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT